United States Court of Appeals
Fifth Circuit

**F I L E D**

October 6, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-11292
_____

MARY ANN TREVINO BURROUGHS,

Plaintiff - Appellee,

versus

KEVIN HUNT, et al.,

Defendants,

KEVIN HUNT, individually and in his official capacity of the
Texas Department of Public Safety,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
District Cause No. 01-CV-376
_____

Before WIENER, CLEMENT and PRADO, Circuit Judges.[1]

PRADO, Circuit Judge.

The appellant in this interlocutory appeal challenges the district court's order denying his motion for summary judgment on qualified immunity grounds. After considering the appellant's issues and the parties' arguments, this Court

_____

[1]Pursuant to 5th Cir. R. 47.5, this Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

determines the district court erred by denying the appellant's motion regarding the plaintiff's false arrest claim, but determines the Court has no jurisdiction to address the appellant's issue regarding the excessive force claim.

## Factual Background

The lawsuit underlying this appeal arose from the arrest of the appellee, Mary Ann Trevino Burroughs (Burroughs), for driving while intoxicated. The appellant, Trooper Kevin Hunt, arrested Burroughs after she rolled her vehicle in a one-vehicle accident. Although Burroughs left the accident scene, Hunt later interviewed Burroughs and concluded that Burroughs was intoxicated when she wrecked her vehicle. Hunt then placed Burroughs under arrest.

Burroughs subsequently sued Hunt under section 1983 for allegedly violating her right to be free from false arrest and the excessive use of force. In response, Hunt moved for summary judgment on qualified immunity grounds. The district court, however, denied the motion without specifying the basis of the ruling. Hunt appealed and maintains on appeal that the district court relied on immaterial issues of fact in denying his motion.

## Standard of Review

This Court does not have jurisdiction to review interlocutory appeals from the denial of summary judgment based on qualified immunity grounds when the appeal challenges the

2

district court's ruling that genuine issues exist concerning material facts. *See Jones v. Collins*, 132 F.3d 1048, 1051-52 (5th Cir. 1998). The Court, however, has jurisdiction over appeals that challenge questions of law, such as the materiality of factual issues. *See Bazan v. Hidalgo County*, 246 F.3d 481, 490 (5th Cir. 2001). The determination of whether a defendant's conduct was objectively reasonable is a question of law, but that question of law can only be reviewed when there are no underlying genuine issues of material fact. *Id*. This Court has jurisdiction over the first issue presented in this appeal because that issue turns on a question of law that can be decided on undisputed material facts. *See Gonzales v. Dallas County, Tex*., 249 F.3d 406, 411 (5th Cir. 2001).

## The False Arrest Claim

In his first issue, Hunt maintains he is entitled to qualified immunity on Burroughs's false arrest claim because he reasonably believed Burroughs had committed the offenses of driving while intoxicated and failing to report a vehicle accident. For a defendant to be entitled to qualified immunity, the district court must first determine whether the plaintiff alleged a violation of a clearly established right–a question not in dispute here, and then determine whether the defendant official's conduct was objectively reasonable in light of clearly established law at the time of the alleged violation. *See*

3

*Fontenot v. Cormier*, 56 F.3d 669, 673 (5th Cir. 1995); *see also*
*Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991). An officer acts
with objective reasonableness in arresting a person if he has
probable cause to believe the person has committed a criminal
offense. *See Graham v. Connor*, 490 U.S. 386, 396 (1989) (stating
Fourth Amendment is not violated by an arrest based on probable
cause). In the instant case, uncontroverted summary judgment
evidence shows Hunt had probable cause to arrest Burroughs for
driving while intoxicated.

The summary judgment evidence shows that at the time he
arrested Burroughs, Hunt knew that Burroughs was involved in a
one vehicle roll-over accident; the accident occurred very early
on a Sunday morning; Burroughs did not report the accident to
police, but sought assistance from a friend; shortly after the
accident, Burroughs had an odor of alcohol on her breath;
Burroughs was uncooperative with Hunt's efforts to conduct a
sobriety test; and faced with instruction to put her drink down
for the test, Burroughs chose instead to go to jail. Although
Burroughs maintains a question of fact exists about whether Hunt
had probable cause to arrest her, apparently because Hunt did not
observe her driving her vehicle in an intoxicated state, Hunt's
observations would lead a reasonable officer to conclude that
Burroughs had been intoxicated at the time of her accident. As a
result, Hunt was entitled to summary judgment on qualified

4

immunity grounds.

## The Excessive Force Claim

In her complaint, Burroughs alleged that Hunt used excessive force during her arrest and caused injury to her left shoulder and right ankle.  In his remaining issue, Hunt maintains the district court erred in denying his motion for summary judgment on Burroughs's excessive use of force claim because he did not cause Burroughs's injuries.  To prevail on her excessive force claim, Burroughs was required to prove: (1) some injury (2) which resulted directly from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable.  *See Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999); *Dunn v. Denk*, 79 F.3d 401, 403 (5th Cir. 1996). Although Hunt maintains the uncontroverted summary judgment evidence indicates he did not cause Burroughs's injuries, the summary judgment evidence raises at least two questions of material fact that preclude this Court's jurisdiction.  The evidence indicates the following facts.

After Hunt arrested Burroughs, Hunt escorted Burroughs into the jail.  Once she was inside the jail, Burroughs grabbed onto a barred door and refused repeated orders to let go of the bars. Three officers were involved in pulling Burroughs away from the bars.  Although Hunt testified in his deposition that he assisted with removing Burroughs from the bars by pulling on Burroughs's

5

right arm and the other two officers pulled on Burroughs's left arm, Sergeant Tobias indicated in his incident report that Hunt "put [Burroughs's] left arm behind [Burroughs's] back and [Burroughs] held on to the bars with her right hand . . . . Officer Medina and Officer Hunt then pulled on [Burroughs's] left arm making her release her grip of the bars." Although Tobias did not recall these details during his deposition, this evidence is sufficient to raise two questions about the cause of Burroughs's shoulder injury–that is, did Hunt pull on Burroughs's left arm, and whether that action was the direct cause of Burroughs's injury to her left shoulder. These questions deprive this Court of jurisdiction over Hunt's issue about Burroughs's excessive force claim. As a result, the Court will dismiss this issue.

## Conclusion

Because uncontroverted summary judgment evidence shows Hunt had probable cause to arrest Burroughs for driving while intoxicated, Hunt was entitled to summary judgment on Burroughs's false arrest claim. Consequently, the district court erred by denying Hunt's motion for summary judgment on that claim. As a result, this Court REVERSES that portion of the district court's order denying Hunt's motion for summary judgment on Burroughs's false arrest claim and RENDERS judgment in favor of Hunt as to that claim.

Hunt, however, was not entitled to summary judgment on Burroughs's excessive force claim because questions of material fact exist about the cause of Burroughs's injuries. Because the questions about the cause of Burroughs's shoulder injury preclude this Court's jurisdiction, the Court DISMISSES that portion of Hunt's appeal challenging the district court's order denying his motion for summary judgment on Burroughs's excessive force claim. Because the excessive force claim remains unresolved, the Court REMANDS this case to the district court for further proceedings. REVERSED and RENDERED in part; DISMISSED in part; case REMANDED.